1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        San Francisco Division

11

12   RAYMOND YU,                          | Case No. 15-cv-05345-LB

                    Plaintiff,

13

         v.                               | **ORDER SETTING ASIDE ENTRY OF**
14                                         | **DEFAULT**

     DESIGN LEARNED, INC., et al.,         | Re: ECF No. 16
15

                    Defendants.
16

17                      **INTRODUCTION AND STATEMENT**

18        Mr. Yu sued the defendants Design Learned, Inc., *et al.*, on November 23, 2015.[1] He filed

19   proof of service on Design Learned February 19, 2016.[2] Design Learned did not answer or

20   otherwise respond to the complaint within the typical 21-day response period after service of

21   process.[3] As a result and upon Mr. Yu's application, the clerk entered default against Design

22   Learned on March 9, 2016.[4] That same day, Design Learned filed a motion to set aside the entry of

23   default.[5] Mr. Yu opposes the motion.[6]

24   _____

25   [1] Complaint – ECF No. 1.

26   [2] Summons Returned Executed – ECF No. 8.

     [3] *See generally* Docket.
27   [4] Entry of Default – ECF No. 14.

28   [5] Motion to Set Aside Default – ECF No. 16.

     ORDER (No. 15-cv-05345-LB)

United States District Court
Northern District of California

1    The court can determine this matter without oral argument pursuant to Local Rule 7-1(b) and

2    vacates the hearing set for April 28, 2016. The court grants the motion for good cause shown and

3    sets aside the entry of default.

4

5                                    **GOVERNING LAW**

6    The district court has discretion to set aside a default or a default judgment. Fed. R. Civ. P.

7    55(c), 60(b); *Brandt v. Am. Bankers Ins. of Florida*, 653 F.3d 1108, 1111-12 (9th Cir. 2011). More

8    specifically, under Rule 55(c), a court may set aside an entry of default for "good cause." *See*

9    *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th

10   Cir. 2010) ("*Mesle*"). To determine whether a defendant has shown good cause to justify vacating

11   entry of default, a court considers three factors: 1) whether the defendant engaged in culpable

12   conduct that led to the default; 2) whether the defendant lacked a meritorious defense; and 3)

13   whether reopening the default would prejudice the plaintiff. *See id.* (citing *Franchise Holding II,*

14   *LLC v. Huntington Rests. Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This standard is

15   disjunctive, meaning the court may deny the request to vacate default if any of the three factors is

16   true. *See id.* (citing *Franchise Holding II*, 375 F.3d at 925). "Crucially, however, 'judgment by

17   default is a drastic step appropriate only in extreme circumstances; a case should, whenever

18   possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

19   When considering whether to vacate entry of default under Rule 55(c), the court's "underlying

20   concern . . . is to determine whether there is some possibility that the outcome of the suit after a

21   full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Fund v.*

22   *Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The inquiry "is at bottom an equitable one, taking

23   account of all relevant circumstances surrounding the party's omission." *Brandt*, 653 F.3d at 1111

24   (quoting *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.,* 507 U.S. 380, 395 (1993)). The decision

25   ultimately lies in the discretion of the court. *Brandt*, 653 F.3d at 1111-12.

26

27

28   ⁶ Opposition – ECF No. 25.

United States District Court
Northern District of California

1   As the party seeking to set aside entry of default, a defendant bears the burden of showing

2   good cause under this test. *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513-14. To ensure that

3   cases are decided on the merits whenever possible, the court resolves any doubt regarding whether

4   to grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

5

6                                        **ANALYSIS**

7   **1.   Design Learned did not act culpably**

8       The first question under Rule 55(c) is "whether [the defendant] engaged in culpable conduct

9   that led to the default." *Mesle*, 615 F.3d at 1091. "[A] defendant's conduct is culpable if he has

10  received actual or constructive notice of the filing of the action and *intentionally* failed to answer"

11  or otherwise defend the action. *Id.* at 1092 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244

12  F.3d 691, 697 (9th Cir. 2001) (emphasis in original)); Fed. R. Civ. P. 55(a).

13      Here, the parties dispute whether Mr. Yu sought a waiver of service from Design Learned and

14  thus whether Design Learned's execution of a waiver extended the time to respond.[7] Mr. Yu

15  argues he did not seek a waiver of service, he effected service by mail pursuant to California law,

16  and Design Learned's failure to respond within 21 days thereafter demonstrates a lack of diligence

17  (culpability).[8] Design Learned, in contrast, asserts that Mr. Yu sought waiver of service by

18  sending a "Notice of Lawsuit & Request to Waiver of Service of a Summons" and a "Waiver of

19  Service of Summons."[9] Design Learned executed the waiver on that same day and returned it to

20  Mr. Yu one week later.[10] Moreover, immediately after receiving the motion for entry of default,

21  Design Learned reiterated its waiver of service, pointed out the time for a response had not yet

22  lapsed, and urged Mr. Yu to withdraw his motion.[11]

23

24

25  [7] *See generally* Motion; Opposition – ECF No. 25.

26  [8] *See generally* Opposition.

27  [9] Palumbo Decl. ¶ 3, Ex. B.

28  [10] Palumbo Decl. ¶ 4; Ex. C.

    [11] *Id.* Ex. F

Resolving any doubt in its favor, Design Learned appears to believe that it waived service of process and had 60 days to respond to the complaint. This demonstrates a lack of culpability and weighs in favor of setting aside default.

### 2. Design Learned may have a meritorious defense

With respect to the second factor — whether the defendant lacked a meritorious defense — a defendant must allege "specific facts" that, if true, would constitute a defense. *See Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). Although in this regard the burden on the defendant is "not extraordinarily heavy," *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700), "[a] 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment," *Franchise Holdings II*, 375 F.3d at 926.

Here, Design Learned has not yet answered the complaint.[12] It did, however, file a motion to dismiss and motion to strike.[13] Design Learned seeks to dismiss the complaint for 1) lack of subject-matter jurisdiction and 2) failure to state a claim for relief.[14] It also seeks to strike Mr. Yu's request for attorney's fees.[15] If successful, these arguments would constitute a defense to Mr. Yu's claims. As such, there is a possibility that the outcome of the case will be contrary to the result achieved by default. Design Learned's defenses therefore weigh in favor of setting aside default.

### 3. There is no unfair prejudice

Mr. Yu generally argues Design Learned's motion should be denied because its failure to respond demonstrates a lack of diligence.[16] He does not, however, show that setting aside default will cause him prejudice. This case is in the early stages and the court cannot see how setting aside the default will cause prejudice to Mr. Yu. The lack of unfair prejudice weighs in favor of setting aside default.

---

[12] *See generally* Docket.

[13] Motion to Dismiss and Motion to Strike – ECF No. 19.

[14] *Id.* at 5-9.

[15] *Id.* at 9.

[16] *See generally* Opposition.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

The court grants the motion to set aside default.

**IT IS SO ORDERED.**

Dated: April 21, 2016

_____
LAUREL BEELER
United States Magistrate Judge