<div style="text-align:left; writing-mode: vertical"></div>

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| RAYMOND YU, | Case No. 15-cv-05345-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| DESIGN LEARNED, INC., et al., | Re: ECF No. 19 |
| Defendants. | |

**INTRODUCTION**

Raymond Yu sued the defendants Design Learned, Inc., E.C.C. & Associates, Scott Learned, Kelly August, Michael Pfarr, and Ann Block for allegedly breaching an engineering and consulting agreement and engaging in unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA").[1] Design Learned and the Design Learned employee defendants move to dismiss the complaint for failure to state a claim.[2] The court finds that it can decide the matter without oral argument under Civil Local Rule 7-1(b) and vacates the hearing set for April 28, 2016. The court has subject-matter jurisdiction and grants the motion to dismiss

---

[1] Compl. – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

[2] Motion to Dismiss – ECF No. 19.

ORDER (No. 15-cv-05345-LB)

1  under Rule 12(b)(6) because Mr. Yu fails to state a claim against Design Learned or the individual

2  defendants.

3

4                                        **STATEMENT**

5        Raymond Yu sued Design Learned, *et al.* (generally referred to in the complaint as the

6  "defendants") in connection with the alleged breach of an engineering and consulting services

7  agreement.[3] The individual defendants are allegedly all Design Learned employees.[4] In his

8  complaint, Mr. Yu asserts the following factual basis for his claims.

9        In February 2014, Mr. Yu and the defendants entered an engineering and consulting services

10 agreement for a potential construction site.[5] Among other things, the defendants were to perform

11 "several site visits and site reviews of the potential construction site."[6] The defendants additionally

12 agreed to provide answers to requests for information (RFIs) and modify construction documents,

13 as needed.[7] Mr. Yu alleges that the defendants failed to perform these services.[8]

14       In addition to the above agreement, Mr. Yu also asserts that the defendants "represented that

15 they would not charge additional fees for modest and reasonable delays in the project schedule."[9]

16 The defendants did not live up to this representation; in September 2014, they "demanded that

17 additional fees be paid in order to compensate them" for a then-ongoing delay.[10] The defendants

18 demanded these additional fees "before they would continue to perform additional services."[11] Mr.

19

20

21 _____

22 [3] *See generally* Compl.

   [4] *Id.* 4-7.

23 [5] *Id.* ¶ 13.

24 [6] *Id.*

25 [7] *Id.*

26 [8] *Id.*

   [9] *Id.* ¶ 14.

27 [10] *Id.*

28 [11] *Id.*

ORDER (No. 15-cv-05345-LB)              2

United States District Court
Northern District of California

Yu needed the defendants' services to continue construction and thus, "[a]cting under duress," agreed to make additional payments.[12]

Mr. Yu brings four claims against the defendants: 1) breach of contract, for which he seeks $325,000; 2) promissory estoppel, for which he seeks $325,000; 3) declaratory judgment that he owes no money to the defendants; and 4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.[13] He asserts these claims against each of the named defendants.[14]

The defendants Design Learned, Scott Learned, Kelly August, Michael Pfarr and Ann Block (together, "Design Learned") move to dismiss Mr. Yu's complaint.[15] They assert two bases for doing so. First, they argue the court lacks subject-matter jurisdiction over Mr. Yu's claims.[16] Second, they argue Mr. Yu has failed to state a claim upon which relief can be granted.[17] They additionally move to strike Mr. Yu's prayer for attorney's fees.[18] Mr. Yu opposes the motion.[19]

## GOVERNING LAW

### 1. Motion to dismiss for lack of subject-matter jurisdiction

A complaint must contain a short and plain statement of the ground for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support). Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1)

---

[12] *Id.*

[13] *Id.* ¶¶ 15-38.

[14] *See generally id.*; *see* Opposition – ECF No. 34 at 5-7.

[15] Motion to Dismiss – ECF No. 19.

[16] *Id.* at 5-7.

[17] *Id.* 7-9.

[18] *Id.* at 9.

[19] Opposition.

ORDER (No. 15-cv-05345-LB)           3

jurisdictional attack can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The defendants' challenge here is a factual attack because they rely on extrinsic evidence to show the court lacks subject-matter jurisdiction. *See Safe Air for Everyone*, 373 F.3d at 1039 (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)).

**2.   Motion to dismiss for failure to state a claim**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**3.  Leave to amend**

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**ANALYSIS**

**1.  The court has subject-matter jurisdiction over Mr. Yu's claims**

When a motion to dismiss for lack of subject-matter jurisdiction is brought with other Rule 12(b) motions, the court first determines whether it has subject-matter jurisdiction before proceeding to other bases for the motion. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008). Here, the court has federal-question jurisdiction over Mr. Yu's FDCPA claim, but, because he insufficiently pleads this claim, it is unlikely to support supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (district court's discretion to retain supplemental jurisdiction over state-law claims when federal claims have been dismissed). For this reason, the court also considers whether diversity jurisdiction exists and concludes that it does.

**1.1 The court has federal-question jurisdiction over Mr. Yu's FDCPA claim**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Mr. Yu asserts a claim against all defendants for violation of the FDCPA.[20] The court therefore has subject-matter jurisdiction over this claim because it arises under a federal statute.

---

[20] Compl. ¶¶ 30-38 ; Opposition at 7.

**1.2 The court has diversity jurisdiction over Mr. Yu's state-law claims**

Federal courts also have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, the parties do not dispute the existence of complete diversity. Design Learned instead argues there is no diversity jurisdiction because the amount in controversy cannot be met.[21]

"Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). "The sum claimed by the plaintiff controls so long as the claim is made in good faith." *Id.* "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (quoting *Budget Rent-A-Car v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (internal quotations omitted)). "[T]he legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (quoting 14A Wright, Miller, & Cooper, *Federal Practice & Procedure, Jurisdiction* § 3702, at 48-50 (2d ed. 1985)).

Here, Design Learned argues the amount in controversy is, to a legal certainty, less than the jurisdictional amount.[22] It asserts two bases to support its argument.

First, it argues the agreement at issue limits its liability "under [the] Agreement" to the greater of $20,000 or the amount paid to it (apparently, $20,801.68).[23] The court considers the contract for the limited purpose of determining the measure of damages, *see Pachinger*, 802 F.2d at 364, but

---

[21] Motion at 5-7.

[22] Motion at 5-7.

[23] Motion at 5-6; Learned Decl. – ECF No. 21, ¶ 3.

ORDER (No. 15-cv-05345-LB)                    6

1    cannot on this basis conclude to a legal certainty that the damages amount falls below the

2    jurisdictional threshold. The limitation of liability may limit Mr. Yu's contract claim, which may

3    arise "under the agreement," but he asserts two additional claims against Design Learned: one for

4    promissory estoppel and one for violating the FDCPA. These claims appear separate from — and

5    thus not "under" — the agreement limiting Design Learned's liability. For example, to the extent

6    Mr. Yu's promissory estoppel claim is based on promises not to charge additional fees (seemingly

7    outside of the contract), this claim does not arise "under" the agreement.[24] *See, e.g.*, *CalFarm Ins.*

8    *Co. v. Krusiewicz*, 131 Cal. App. 4th 273, 285-86 (2005) (promissory estoppel claim for breach of

9    promise made outside of the subject insurance contract was distinct from claims made under the

10   contract and did not support punitive damages). Similarly, his FDCPA claim relates to debt

11   collection activities, not a breach of the contract.[25] Although Mr. Yu may in the end not recover all

12   the damages he seeks, for example because the construction project may have been completed,[26]

13   the aggregate damages he recovers under each of these three claims may exceed $75,000, as he

14   pleads in his complaint.[27]

15          Additionally, based on Mr. Yu's pleadings, it is unclear if the contract attached to the

16   defendants' motion is the (only) agreement at issue. Mr. Yu refers generally to an "agreement,"

17   not necessarily this specific contract, and refers to certain obligations of Design Learned (*i.e.* site

18   visits) that are not readily identifiable in the attached contract. The court therefore cannot tell if the

19   defendants' attached contract is in fact the only agreement at issue and whether it limits Mr. Yu's

20   potential recovery. As discussed below, however, the court dismisses Mr. Yu's contract claim and

21   advises him to plead the terms of the agreement with adequate factual detail, or attach the

22   agreement to his complaint, so the court and the defendants can identify the material terms.

23

24

25   _____

26   [24] Compl. ¶ 14.

     [25] Compl. ¶¶ 30-38; Opposition at 7.

27   [26] *See* Learned Decl. ¶ 5.

28   [27] Compl. ¶¶ 10, 21, 25.

ORDER (No.  15-cv-05345-LB)                7

United States District Court
Northern District of California

United States District Court
Northern District of California

Second, Design Learned argues there are independent facts demonstrating Mr. Yu claims the amount only to obtain federal court jurisdiction.[28] In support of its argument, it asserts that 1) Mr. Yu filed suit only after E.C.C. & Associates began debt-collection activities, 2) Mr. Yu was satisfied with Design Learned's services, 3) the accused breaches could not have caused the alleged damages, and 4) Mr. Yu fabricated his claims.[29] At this stage, the court is not persuaded by the evidence presented by Design Learned that Mr. Yu alleges his damages only to obtain federal court jurisdiction. *Cf. LeBlanc v. Spector*, 378 F. Supp. 301, 307-308 (D. Conn. 1973) ("[A]mending a jurisdictionally defective complaint merely to raise the prayer above the jurisdictional amount may be independent evidence the amendment was colorable for the purpose of conferring jurisdiction.").

The court thus cannot conclude to a legal certainty that the amount in controversy is less than the jurisdictional requirement. As such, the court has diversity jurisdiction over Mr. Yu's state-law claims. The court notes, however, that the amount in controversy is dependent on Mr. Yu's claims, which, as discussed below, are now inadequately pled. If Mr. Yu is unable to amend his complaint with the required plausibility to support his claim for damages, the defendants may again challenge the jurisdictional sufficiency of the complaint.

## 2. Mr. Yu fails to state a plausible claim

### 2.1 Mr. Yu's broad allegations fail to distinguish among the defendants

Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief. *See, e.g., Corazon v. Aurora Loan Services, LLC,* No. 11-00542 SC, 2011 WL 1740099 at *4 (N.D. Cal. May 5, 2011); *In re Sagent Technology, Inc.,* 278 F. Supp. 2d 1079, 1094–95 (N.D. Cal. 2003) ("A complaint that lumps together thirteen 'individual defendants,' where only three of the individuals was alleged to have been present for the entire period of the events alleged in the complaint, fails to give 'fair notice' of the claim to those defendants."); *see also Gauvin v.*

---

[28] Motion at 6-7.

[29] *Id.*

*Trombatore,* 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of Federal Rule of Civil Procedure 8(a)(2)).

For example, the plaintiff in *Corazon*, like Mr. Yu, "fail[ed] to differentiate among defendants or specify which defendant [was] the subject of Plaintiff's various allegations, [and thus] violate[d] Rule 8(a)(2) because it fail[ed] to provide [the defendant] with fair notice of its alleged misconduct." 2011 WL 1740099 at *4. There, the complaint "simply refer[ed] to 'Defendants' in nearly all of [the plaintiff's] allegations." *Id*. When the plaintiff alleged misconduct by a single defendant, "she fail[ed] to specify which one." *Id.* As such, and because the complaint lacked factual allegations to state a plausible claim, the court dismissed the complaint. *Id.* at 4-5.

Here, similar to *Corazon*, Mr. Yu's complaint makes allegations against a group of seven defendants without differentiating among them.[30] For example, he alleges he "and Defendants entered an agreement for Defendants to perform certain engineering and consulting services . . . ."[31] Moreover, "Defendants have also agreed to provide answers to RFIs, and other modifications . . . ."[32] "To date, Defendants have failed to perform the aforementioned services"[33] Similarly, he alleges that the "Defendants have also represented numerous times that they would not charge additional fees for modest and reasonable delays in the project schedule[,]" but that the "defendants" broke this promise.[34]

Mr. Yu argues in his Opposition that, "at this early stage of the litigation," it is unclear which defendants are responsible for the alleged wrongdoings.[35] He further argues he needs discovery to determine which defendants are responsible[36] and the defendants are not prejudiced by his current

---

[30] *See generally* Compl.

[31] *Id.* ¶ 13.

[32] *Id.*

[33] *Id.*

[34] *Id.* ¶14.

[35] Opposition at 5-7.

[36] *Id.* at 7.

United States District Court
Northern District of California

United States District Court
Northern District of California

pleading format.[37] To the contrary, however, Rule 8(a)(2) requires the complaint to "put defendants on sufficient notice of the allegations against them." *Corazon*, 2011 WL 1740099 at *4. Absent such notice, the defendants cannot respond to or otherwise defend the action. Because he fails to differentiate among the defendants, and because his factual allegations are insufficient to support a plausible claim (see below), Mr. Yu fails to satisfy his burden. *See Corazon*, 2011 WL 1740099 at *5 ("Once a plaintiff's well-pleaded complaint survives a motion to dismiss, then the plaintiff is indeed entitled to develop its facts for trial through the discovery process.").

### 2.2 Mr. Yu fails to state a claim under the FDCPA

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (citation omitted). "To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o." *Makreas v. JP Morgan Chase Bank, N.A.*, No. 12-cv-02836-JST, 2013 WL 3014134, at *2 (N.D. Cal. June 17, 2013).

Mr. Yu apparently raises this claim against all defendants,[38] but he insufficiently pleads facts to raise a plausible claim against the Design Learned defendants. Mr. Yu sufficiently pleads that he is a "consumer" within the FDCPA because he entered into the contract with Design Learned that created the debt.[39] *See* 15 U.S.C. § 1692a(3) ("Consumer" is defined to mean "any natural person obligated or allegedly obligated to pay the debt.") He does not, however, adequately plead the remaining elements against Design Learned.

---

[37] Opposition at 5-6.

[38] *See* Compl. ¶¶ 30-38; Opposition – ECF No. 34 at 7 ("Defendants provide no basis as to why this claim should not apply to [Design Learned]. For example, Defendants have not clearly explained the relationship between [Design Learned] and E.C.C. & Associates. This further illustrates the need for Plaintiff to assert each claim against Defendants as a whole[.]")

[39] Compl. ¶¶ 13, 31.

First, he does not allege that the debt was for personal, family, or household purposes. *See* 15 U.S.C. § 1692a(5). *See also Bloom v. I.C. Systems, Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) (the FDCPA "applies to consumer debts and not business loans"). To the contrary, it appears the debt was incurred in connection with a construction site for a dog day care business.[40] The burden is on Mr. Yu to show this is a "personal" debt within the FDCPA. He fails to satisfy this element.

Second, Mr. Yu does not allege that Design Learned is a debt collector. A "debt collector" under the FDCPA includes a person who: 1) uses interstate commerce or the mail in a business the principal purpose of which is debt collection; 2) "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another[;]" or 3) is "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Mr. Yu argues in his opposition that the relationship between Design Learned and E.C.C. & Associates is unclear. If he intends to claim that Design Learned — as a creditor acting under a different name (*i.e.* E.C.C. & Associates) to collect its own debts — is a debt collector, then he must do so in his complaint. He currently alleges no facts to support the conclusion that Design Learned is a "debt collector." His complaint is therefore insufficient to satisfy this element.

Third, Mr. Yu does not allege any facts indicating Design Learned violated the FDCPA. He asserts E.C.C. & Associates violated the FDCPA by initiating a telephone call at an inconvenient time, apparently in violation of 15 U.S.C. § 1692c(a)(1). He asserts no facts supporting the conclusion that Design Learned violated the FDCPA and therefore fails to satisfy this element.

Mr. Yu fails to state an FDCPA claim against Design Learned. This claim is dismissed with leave to amend.

### 2.3 Mr. Yu fails to state a claim for breach of contract

The elements of a breach of contract claim under California law are the following: 1) the existence of a contract; 2) plaintiff's performance or excuse for nonperformance; 3) defendant's breach; and 4) resulting damage. *See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 8111, 821

---

[40] Learned Decl. Ex. A. at 6.

United States District Court
Northern District of California

(2011). "To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in haec verba or according to legal effect." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (citing *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989). "A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." *Id.* "While it is unnecessary for a plaintiff to allege the terms of the alleged contract with precision, the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached." *Id.*

Here, Mr. Yu does not attach the contract to the complaint but instead attempts to plead its terms. He identifies the contract: an engineering and consulting services agreement between himself and the defendants.[41] He also identifies at least some of the terms at issue: the defendants were obligated to perform site visits and site reviews, provide answers to RFIs, and modify construction documents as needed.[42] He asserts that he "substantially performed" his obligations under the contract[43] but that the defendants breached the agreement by failing to perform the above mentioned services.[44] And finally, he alleges that the defendants' breach rendered the construction project incomplete and caused damages in excess of $325,000.[45]

The problem with Mr. Yu's allegations is that they are vague and appear selective; and, as such, the court cannot determine the alleged breaches support his claim. For example, without additional facts, the court cannot tell if the alleged breaches were material to the contract. The court additionally cannot conclude these breaches plausibly support the damages he seeks to substantiate jurisdiction in federal court (see above). Mr. Yu therefore inadequately pleads the terms and the defendants' breach thereof.

---

[41] Compl ¶ 13.

[42] *Id.*

[43] *Id.* ¶ 18.

[44] Compl. ¶¶ 13, 18.

[45] *Id.* ¶¶ 20-21.

1    As discussed above, Mr. Yu also does not adequately distinguish among the seven defendants

2  in connection with his contract claim. Merely saying he entered into an agreement with the

3  "defendants" and that the "defendants" breached the agreement is insufficient. Even if he cannot

4  identify the individual defendant that failed to perform the alleged services — *i.e.* the individual

5  responsible for conducting site visits — he can certainly identify the party to the agreement, and

6  thus who is liable for its breach. These allegations do not sufficiently put the individual defendants

7  on notice to defend the claim. Therefore, his claim is dismissed with leave to amend.

8        **2.4 Mr. Yu fails to state a claim for promissory estoppel**

9        Under California law, "[a] promise which the promisor should reasonably expect to induce

10  action or forbearance on the part of the promisee or a third person and which does induce such

11  action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

12  *Kajima/Ray Wilson v. Los Angeles Cnty. Metro. Transp. Auth.,* 23 Cal.4th 305, 310 (2000).

13  Promissory estoppel is an equitable doctrine whose remedy may be limited "as justice so

14  requires." *See id.* The elements of promissory estoppel are: "1) a clear promise; 2) reasonable

15  reliance; 3) substantial detriment; and 4) damages 'measured by the extent of the obligation

16  assumed and not performed.'" *Errico v. Pacific Capital Bank, N.A.,* 753 F. Supp. 2d 1034, 1048

17  (N.D. Cal. 2010) (citing and quoting *Poway Royal Mobilehome Owners Ass'n. v. City of Poway,*

18  149 Cal. App. 4th 1460, 1470 (2007)).

19        Mr. Yu fails to adequately plead a claim for promissory estoppel. He appears to identify two

20  promises: the defendants promised to perform certain site inspection and other services, and the

21  defendants "represented numerous times that they would not charge additional fees for modest and

22  reasonable delays in the project schedule."[46] But he does not satisfy the other elements. He does

23  not adequately allege facts showing he reasonably relied on the representations to his substantial

24  detriment. Instead, he merely asserts that he "relied on Defendants representations and promises"

25  and that his reliance caused him damage.[47] These allegations are wholly conclusory. *Cf. Errico v.*

26

27  [46] Compl. ¶¶ 13, 14; Opposition at 6-7.

28  [47] Compl. ¶¶ 24-25.

ORDER (No. 15-cv-05345-LB)                    13

United States District Court
Northern District of California

*Pacific Capital Bank, N.A.*, 753 F. Supp. 2d 1034, 1048 (N.D. Cal. 2010) (allegation sufficient

where plaintiffs alleged defendants promised financing of an entire project and plaintiffs alleged

"substantial detriment by investing substantial time and money in design and construction costs,

and took on substantial credit obligations in the two loans for the commercial plaza and off-site

improvements on the assurance that Defendant Pacific Capital Bank would finance the entire

project . . . ."). Moreover, he does not allege facts showing his reliance was distinct from his

performance of the obligation he incurred under the contract. *See Mike Nelson Co., Inc. v.*

*Hathaway*, No. F 05-0208 AWI DLB, 2005 WL 2179310, at *6 (E.D. Cal. Sept. 8, 2005) ("If [a

plaintiff's] only claimed reliance is performance of the act bargained for, [promissory estoppel] is

unavailable.") (quoting 1 Witkin, Summary of California Law: Contracts § 251 (9th ed.).

Similarly, although he alleges that his reliance caused damage, he does not allege how $325,000 is

"the extent of the obligation assumed and not performed."

In addition to these deficiencies and as discussed above, Mr. Yu does not identify which

defendants made this promise and which broke it. He therefore fails to state a claim for promissory

estoppel and this claim is dismissed with leave to amend.

### 3. Motion to strike attorney's fees is denied as moot

The defendants move to strike Mr. Yu's claim for attorney's fees because his complaint fails to

identify the legal basis for seeking fees.[48] Because the court dismisses the complaint, the motion to

strike is denied as moot. *See Varela v. Wells Fargo Home Mortgage*, No. C-12-3502 KAW, 2012

WL 6680261, at *12 (N.D. Cal. Dec. 21, 2012); *Vinal v. Wells Fargo Bank,* N.A., C–11–03242–

EDL, 2011 WL 4344169, at *4 (N.D.Cal. Sept.15, 2011).

---

[48] Motion at 9.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

The court grants the defendants' motion to dismiss on the basis that Mr. Yu has failed to state a claim under Rule 12(b)(6). Mr. Yu may amend his complaint within 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: April 22, 2016

_____

LAUREL BEELER
United States Magistrate Judge