1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  San Francisco Division

11   RAYMOND YU,                          Case No. 15-cv-05345-LB

12              Plaintiff,

13        v.                              **ORDER GRANTING IN PART AND
                                          DENYING IN PART DEFENDANTS'**
14   DESIGN LEARNED, INC., et al.,        **MOTION TO DISMISS**

15              Defendants.               Re: ECF No. 41

16

17                      **INTRODUCTION**

18        This dispute arises from an engineering and consulting services agreement governing the

19   design and construction of a dog day-care facility.[1] Raymond Yu sued Design Learned, its

20   employees, and E.C.C. & Associates in connection with the alleged breach of the agreement and

21   money owed thereunder.[2] He asserts claims for breach of contract, promissory estoppel, violation

22   of the Fair Debt Collection Practices Act ("FDCPA"), and violation of California's False

23   Advertising Law ("FAL") and Unfair Competition Law ("UCL").[3] Design Learned and the

24

25   ――――――――――――――

26   [1] *See generally* First Amended Complaint ("FAC") — ECF No. 40. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations refer to the ECF-generated page numbers at the top of documents.

27   [2] *See generally* FAC.

28   [3] *Id.*

ORDER (No. 15-cv-05345-LB)

United States District Court
Northern District of California

1  individually named employee-defendants now move to dismiss Mr. Yu's First Amended

2  Complaint ("FAC") for lack of subject-matter jurisdiction and for failure to state a claim.[4] They

3  also move to strike Mr. Yu's prayer for attorney's fees.[5]

4      The court can decide this matter without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The

5  court grants in part and denies in part the motion: the court has subject-matter jurisdiction; Mr. Yu

6  fails to state a plausible FDCPA claim against Design Learned and its employees; and Mr. Yu's

7  other claims survive. The court also denies the motion to strike.

8

9                                        **STATEMENT**

10      In February 2014, Mr. Yu contracted with Design Learned for engineering and consulting

11  services related to the construction of a dog day-care facility.[6] Under the agreement, Design

12  Learned was to (among other things) visit and review the potential construction site.[7] More

13  specifically, Design Learned agreed to provide mechanical and plumbing engineering and

14  drafting, "[p]rovide interior design assistance . . .[,] [p]articipat[e] in conference calls and verbal

15  recommendations for the floor plans[,] [and] [p]rovide [the] architect with lighting level

16  requirements and circuiting recommendations[.]"[8] The contract also authorized additional

17  services, specified payment procedures (including increased fees for certain project delays), and

18  limited the parties' liability for claims under the agreement.[9]

19

20

21

22

---

23  [4] *See generally* Motion to Dismiss FAC ("Motion") — ECF No. 41.

    [5] Motion at 2, 13.

24  [6] FAC ¶ 13, Ex. A. Mr. Yu attaches the agreement to his complaint and thus the court may

25  consider it in ruling on the motion. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)
    (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir.

26  1990)).

    [7] FAC ¶ 13.

27  [8] FAC, Ex. A at 17.

28  [9] *Id.* at 14, 16.

Design Learned's employees — the individual defendants here — communicated with Mr. Yu multiple times regarding the services they were to provide.[10] In particular, he alleges the defendants made the following representations:

| Date | Defendant(s) | Alleged Representation |
|---|---|---|
| February 2014 | Scott Learned | "[Mr.] Learned communicated to [Mr. Yu] that he would perform a site visit and a review of the construction site prior to drafting engineering documents."[11] |
| February 2014 | Scott Learned & Kelly August | Mr. Learned and Ms. August "communicated that they would not charge additional fees for modest and reasonable delays in the project schedule."[12] |
| Spring 2014 | Scott Learned & Kelly August | Mr. Learned and Ms. August "communicated that they would deliver competent engineering and construction plans, suitable for use at the project site, and appropriate for [Mr. Yu's] budget."[13] |
| Summer 2015 | Kelly August & Michael Pfarr | Ms. August and Mr. Pfarr "communicated that they would provide answers to RFIs, and other modifications to the construction documents."[14] |

It is unclear if, in saying these things to Mr. Yu, the employee defendants were "act[ing] in their individual capacit[ies], or in their representative capacit[ies,]" on behalf of Design Learned.[15]

In either case, Design Learned and its employees did not perform these services and broke the representation "that they would not charge additional fees for modest and reasonable delays in the project schedule."[16] Design Learned's services and construction plans have consequently been rendered unusable.[17] Mr. Yu additionally alleges that, in reliance on the defendants' representations, he spent "in excess of $100,000" to move the project along.[18] This included fees

[10] FAC ¶¶ 4–7, 14.
[11] *Id.* ¶ 15.
[12] *Id.* ¶ 16.
[13] *Id.* ¶ 17.
[14] *Id.* ¶ 18.
[15] *Id.* ¶ 14.
[16] *Id.* ¶ 19.
[17] *Id.* ¶ 20.
[18] *Id.* ¶ 21.

for permits, architects, third-party consultants, third-party engineers, real-estate transaction costs, and more.[19] Mr. Yu also had to obtain additional funding to satisfy Design Learned's request for additional fees and "has taken on substantial debt . . . to pay for the aforementioned expenditures."[20] In sum, the defendants' failures have "resulted in a dramatic increase in the cost to complete the construction project, if it is possible at all."[21]

To recover the alleged damages, Mr. Yu asserts six claims against Design Learned and its employees: 1) breach of contract, 2) promissory estoppel, 3) declaratory judgment, 4) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, 5) violation of California's Unfair Competition Law ("UCL"), *id.* §§ 17200 *et seq.*, and 6) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*[22]

The Design Learned defendants (including each named employee) move to dismiss the First Amended Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under 12(b)(6).[23] They also move to strike his request for attorney's fees under Rule 12(f)(2).[24]

## GOVERNING LAW

### 1.  Motion to dismiss for lack of subject-matter jurisdiction

A complaint must contain a short and plain statement of the ground for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support). Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1)

---

[19] *Id.*

[20] *Id.*

[21] *Id.* ¶ 22.

[22] *See generally id.*

[23] *See generally* Motion.

[24] *Id.* at 2, 13.

jurisdictional attack can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The defendants' challenge here is a factual attack because they rely on extrinsic evidence to show the court lacks subject-matter jurisdiction. *See Safe Air for Everyone*, 373 F.3d at 1039 (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)).

**2.  Motion to dismiss for failure to state a claim**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a

United States District Court
Northern District of California

1  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

2  unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are

3  'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

4  plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

5

6  **3.  Leave to amend**

7      If a court dismisses a complaint, it should give leave to amend unless the "the pleading could

8  not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern*

9  *California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

10

11

12                                                **ANALYSIS**

13  **1.  Motion to dismiss for lack of subject-matter jurisdiction**

14      The court incorporates by reference its order at ECF No. 38 and concludes that it has subject-

15  matter jurisdiction over Mr. Yu's claims. The court has federal-question jurisdiction over Mr.

16  Yu's FDCPA claim, but because the court dismisses this claim (see below), it does not support

17  supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. §§ 1331, 1367(c); *Brady v.*

18  *Brown*, 51 f.3d 810, 816 (9th Cir. 1995). The court also has diversity-jurisdiction over Mr. Yu's

19  state-law claims — including his contract, promissory estoppel, FAL, and UCL claims — because

20  the parties are diverse and the court cannot determine "to a legal certainty that the claim is really

21  for less than the jurisdictional amount." *Crum v. Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir.

22  2000).

23      The Design Learned defendants again make two arguments that the amount in controversy is

24  to a legal certainty less than the jurisdictional threshold.[25] They first argue that "the terms of the

25  contract limit [Mr. Yu's] possible recovery[.]"[26] *See Pachinger v. MGM Grand Hotel-Las Vegas,*

26

27  _____

    [25] Motion at 11–13.

28  [26] *Id.*

United States District Court
Northern District of California

1   *Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (quoting 14 A Wright, Miller, & Cooper, *Federal Practice*

2   *& Procedure, Jurisdiction* § 3702, at 48–50 (2d ed. 1985)). Their theory is that, because Mr. Yu's

3   other claims fail, he may only (possibly) recover under the contract, which limits Design

4   Learned's liability to the greater of $20,000 or the amount paid to it (apparently, $20,801.68).[27]

5   The court disagrees: Mr. Yu's promissory estoppel, FAL, and UCL claims survive (see below).

6   These claims may support relief outside of — and in excess of — the contract's limitation of

7   liability.[28]

8        The Design Learned defendants next argue that "independent facts show that [Mr. Yu claimed]

9   the amount of damages . . . merely to obtain federal court jurisdiction."[29] *See Pachinger*, 802 F.2d

10  at 364. They assert that 1) Mr. Yu filed suit only after E.C.C. & Associates began debt-collection

11  activities, 2) Mr. Yu was satisfied with Design Learned's services, 3) the accused breaches could

12  not have caused the alleged damages, and 4) Mr. Yu fabricated his claims.[30] In support, Mr.

13  Learned declares that Mr. Yu did not complain about Design Learned's services, did not submit

14  requests for information, and did not request site visits (certain bases for Mr. Yu's claims).[31] This

15  is the same argument that the defendants previously made, and as before, the court cannot on this

16  record determine that Mr. Yu alleges his damages only to obtain federal court jurisdiction.[32]

17       The court thus cannot conclude to a legal certainty that the amount in controversy is less than

18  the jurisdictional requirement. The court denies the Design Learned defendants' motion to dismiss

19  for lack of subject-matter jurisdiction.

24  [27] Learned Decl. — ECF No. 41-1, ¶ 3.

25  [28] *See* Order — ECF No. 38 at 6–7.

26  [29] Motion at 11–13.

    [30] Motion at 12–13.

27  [31] Motion at 12–13; Learned Decl. ¶ 4.

28  [32] *See* Order — ECF No. 38 at 8.

ORDER (No. 15-cv-05345-LB)            7

### 2.   Motion to dismiss for failure to state a claim

The Design Learned defendants also move to dismiss each of Mr. Yu's claims under Rule 12(b)(6). The court dismisses Mr. Yu's FDCPA claim, but the defendants' arguments to dismiss his other claims fail, and thus those claims survive the current motion.

#### 2.1 The court dismisses Mr. Yu's FDCPA claim

Mr. Yu alleges that Design Learned and E.C.C. & Associates violated the FDCPA when they contacted him to collect money owed under the engineering and consulting agreement.[33] The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (citation omitted). "To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o." *Makreas v. JP Morgan Chase Bank, N.A.*, No. 12-cv-02836-JST, 2013 WL 3014134, at *2 (N.D. Cal. June 17, 2013). Mr. Yu fails to plausibly plead an FDCPA claim against Design Learned and its employees.

First, he does not plausibly allege that the debt at issue was for personal, family, or household purposes. *See* 15 U.S.C. § 1692a(5). *See also Bloom v. I.C. Systems, Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) (the FDCPA "applies to consumer debts and not business loans"). Mr. Yu alleges that "a significant portion of [Design Learned's] engineering and consulting services were of a personal nature, and involved the design and use of [his] home."[34] Yet the contract attached to the complaint is for a "Proposed Dog Day Care Facility"[35] and itemizes services and costs for "Animal Care Related Interior Design Assistance" and "Additional Animal Care Facility

---

[33] FAC ¶¶ 50–59.

[34] *Id.* ¶ 51; Opposition — ECF No. 43 at 4.

[35] FAC, Ex. A at 14.

United States District Court
Northern District of California

Services."[36] It says nothing that plausibly suggests the services were for personal or household use. Although the court accepts as true Mr. Yu's factual allegations, it does not accept conclusory allegations, *see Twombly*, 550 U.S. at 555, or allegations contradicted by the attached contract, *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Mr. Yu's debt-characterization is both conclusory and contradicted by the agreement, the court does not assume its truth, and hence he fails to plausibly plead this element.

Second, Mr. Yu does not plausibly allege that Design Learned is a debt collector under the FDCPA. A "debt collector" includes a person who: 1) uses interstate commerce or the mail in a business the principal purpose of which is debt collection; 2) "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another[;]" or 3) is "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). For the second time, Mr. Yu argues in his Opposition that Design Learned's relationship with E.C.C. & Associates is unclear, hinting that it may collect its debts under the name "E.C.C. & Associates" — thus qualifying as a "debt collector" under (3), above.[37] And for the second time, he does not allege this relationship in his complaint.[38] He thus fails to plausibly plead this element of an FDCPA claim.

Mr. Yu does not plausibly allege that the dog day-care facility debt was for personal, family, or household use, and does not plausibly allege that Design Learned is an FDCPA-debt collector. The court accordingly dismisses the claim. The court previously gave Mr. Yu an opportunity to amend this claim, but he added little (or nothing) to cure these defects. Because amendment would be futile, dismissal is without leave to amend.

---

[36] *Id.* at 18.

[37] Opposition at 5.

[38] *See generally* FAC.

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 2.2 Mr. Yu's contract claim survives

Mr. Yu asserts a breach of contract claim against Design Learned.[39] The elements of a breach of contract claim under California law are the following: 1) the existence of a contract; 2) plaintiff's performance or excuse for nonperformance; 3) defendant's breach; and 4) resulting damage. *See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 8111, 821 (2011). "To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in haec verba or according to legal effect." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (citing *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989)). "A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." *Id.* "While it is unnecessary for a plaintiff to allege the terms of the alleged contract with precision, the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached." *Id.*

Here, Mr. Yu satisfies his burden at this stage. He alleges the existence of a contract (which he attaches to the complaint), the parties thereto (Mr. Yu and Design Learned), and the material terms: Design Learned was to "[p]rovide mechanical engineering [and] drafting", "plumbing engineering [and] drafting", "interior design assistance", and more.[40] Mr. Yu also alleges that he performed his obligations under the contract and "paid the agreed upon sum" thereunder.[41] He asserts that Design Learned breached the agreement when it failed to perform the contracted services and failed "to deliver competent engineering and consulting plans."[42] The court finds it plausible that these breaches are material to the agreement: for example, Design Learned's alleged provision of incompetent services may have materially breached Section 9.01(B) of the

---

[39] *Id.* ¶¶ 23–30.

[40] FAC, Ex. A at 17.

[41] FAC ¶ 27.

[42] *Id.* ¶ 28.

1    agreement.[43] And finally, Mr. Yu alleges that Design Learned's breach caused him damage:

2    generally, the construction plans are unusable and he suffered related monetary damages.[44]

3        This is enough to state a plausible breach of contract claim. The claim survives to the extent

4    brought against Design Learned, the only defendant party to the contract.

5

6    **2.3. Mr. Yu's promissory estoppel claim survives**

7        In addition to a contract-theory of recovery, Mr. Yu alleges a claim for promissory estoppel

8    against the Design Learned defendants.[45] Under California law, "[a] promise which the promisor

9    should reasonably expect to induce action or forbearance on the part of the promisee or a third

10   person and which does induce such action or forbearance is binding if injustice can be avoided

11   only by enforcement of the promise." *Kajima/Ray Wilson v. Los Angeles Cnty. Metro. Transp.*

12   *Auth.,* 23 Cal.4th 305, 310 (2000). Promissory estoppel is an equitable doctrine whose remedy

13   may be limited "as justice so requires." *See id.* The elements of promissory estoppel are: "1) a

14   clear promise; 2) reasonable reliance; 3) substantial detriment; and 4) damages 'measured by the

15   extent of the obligation assumed and not performed.'" *Errico v. Pacific Capital Bank, N.A.,* 753 F.

16   Supp. 2d 1034, 1048 (N.D. Cal. 2010) (citing and quoting *Poway Royal Mobilehome Owners*

17   *Ass'n. v. City of Poway,* 149 Cal. App. 4th 1460, 1470 (2007)). "Under California law, the same

18   allegations that give rise to a breach of contract claim cannot also 'give rise to a claim for

19   promissory estoppel, as the former [is] predicated on a promise involving bargained-for

20   consideration, while the latter is predicated on a promise predicated on reliance in lieu of such

21   consideration.'" *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1041 (N.D.

22   Cal. 2012) (quoting *Co–Investor, AG v. FonJax, Inc.,* C 08–01812 SBA, 2008 WL 4344581, at *3

23   (N.D. Cal. Sept. 22, 2008)).

24

25

26   _____

27   [43] *See* FAC, Ex. A at 17.
     [44] *See* FAC ¶¶ 20–22, 26, 28–30.

28   [45] *Id.* ¶¶ 31–34.

1    Here, Mr. Yu identifies four promises made by Design Learned employees Scott Learned,

2    Kelly August, and Michael Pfarr.[46] *See supra*. He alleges that he relied on these representations by

3    paying third-party consulting and engineering fees, permitting fees, and transaction costs, by

4    procuring additional financing to satisfy Design Learned's demands for additional fees, and by

5    incurring substantial debt.[47] He further asserts that the defendants breached these promises,

6    rendering the engineering and construction plans useless, his expenditures wasted, and the project

7    more expensive. [48] He asserts these breaches caused damages in excess of the project's value

8    ($325,000).[49]

9        These allegations are sufficient. Although Mr. Yu may in the end be limited to either a

10   contract- or promissory estoppel-theory of recovery, it is plausible that at least some of the

11   defendants' representations — and Mr. Yu's reliance on them — are separate from the bargained-

12   for agreement. Mr. Yu also sufficiently identifies the defendants to the claim — alternatively,

13   Design Learned bound by the representations of its employees, or the individual employee-

14   defendants. Because Mr. Yu does not allege that Ms. Block made any representations, however,

15   the court dismisses the claim against her as an individual defendant.[50] The claim against the

16   remaining defendants survives.

17

18   **2.4 Mr. Yu's FAL and UCL claims survive**

19       Mr. Yu's final claims arise under California FAL and UCL.[51] Design Learned and the

20   employee-defendants move to dismiss both of these claims but, because the FAL claim survives,

21   so too does the UCL claim.

22

23

24   _____

     [46] *Id.* ¶¶ 15–18.

25   [47] *Id.* ¶¶ 21, 32–33.

26   [48] *Id.* ¶¶ 21–22, 34.

27   [49] *Id.*

     [50] Mr. Yu concedes this point in his Opposition. *See* Opposition at 3.

28   [51] FAC ¶¶ 39–49.

United States District Court
Northern District of California

1

### 2.4.1 Mr. Yu's FAL claim survives

2      In order to state a false advertising claim, a plaintiff must allege that 1) the statements in the

3    advertising are untrue or misleading, and 2) the defendants knew, or by the exercise of reasonable

4    care should have known, that the statements were untrue or misleading. Cal. Bus. & Prof. Code

5    § 17500; *see also National Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal.

6    App. 4th 1336, 1342 (2003). The "reasonable consumer" test governs false advertising and unfair

7    or fraudulent business practice claims under the UCL, FAL, or CLRA. *Williams v. Gerber Prods.*

8    *Co.,* 552 F.3d 934, 938 (9th Cir.2008) (citing *Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th

9    Cir.1995)). Under the reasonable consumer standard, the plaintiff must "show that members of the

10   public are likely to be deceived." *Id.* (quotation marks and citations omitted). Generally the

11   question whether a business practice is deceptive is an issue of fact not appropriate for decision on

12   a motion dismiss. *See Williams*, 552 F.3d at 938–39. Dismissal of such claims is however

13   appropriate where the plaintiff fails to show the likelihood that a reasonable consumer would be

14   deceived. *Freeman,* 68 F.3d at 289–90.

15      Here, the defendants raise only one ground for dismissing Mr. Yu's FAL claim: they argue

16   that the alleged statements were private (between only the defendants and Mr. Yu), and thus could

17   not possibly mislead the public.[52] There are two problems with this argument. First, they assume

18   that an actionable FAL-misstatement must be broadly disseminated to the "public." They do not

19   cite supporting case law but instead cite the requirement that an FAL-plaintiff must show that

20   members of the public are likely to be misled. This is a requirement to show that the statement is

21   misleading — *i.e.* that a reasonable consumer would be misled — not that the statement must be

22   broadly made to the public. Second, even if their interpretation of the law is correct, they ignore

23   Mr. Yu's allegation that Design Learned made the statements (that it would competently perform

24   the subject services and not charge additional fees for reasonable delays) to the public "via

25   electronic mail, telephone, and in-person seminars to members of the public."[53] The defendants do

26

27   ────────────────
     [52] Motion at 8; Reply — ECF No. 44 at 3.

28   [53] FAC ¶¶ 42–43.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    not address this allegation or how Mr. Yu, as a member of the public, could have been misled by

2    the statements. Absent authority that compels a different result, the claim survives the motion to

3    dismiss and the defendants can raise the issue at summary judgment.

4        Mr. Yu also sufficiently identifies the parties to the claim: alternatively, as above, Design

5    Learned or the individual employee defendants. His allegations sufficiently identify the

6    defendants' roles in the alleged misconduct such that they can defend the claim.

7        On this record, then, the court denies the motion to dismiss Mr. Yu's FAL claim.

8

9        **2.4.2 Mr. Yu's UCL claim survives**

10       The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal Bus. &

11   Prof Code § 17200. "[Because] section 17200 is [written] in the disjunctive, it establishes three

12   separate types of unfair competition. The statute prohibits practices that are either 'unfair' or

13   'unlawful' or 'fraudulent.'" *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003); *see*

14   *also Cel-Tech Comm'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

15       The UCL incorporates other laws and treats violations of those laws as unlawful business

16   practices independently under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042,

17   1048 (9th Cir. 2000). Violation of almost any federal, state, or local law may serve as the basis for

18   a UCL claim. *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838–39 (1994). A business

19   practice may additionally be "unfair or fraudulent in violation of the UCL even if the practice does

20   not violate any law." *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 827 (2003).

21       Here, selectively pointing to a single paragraph in Mr. Yu's FAC, the defendants argue that

22   Mr. Yu "has not pled any acts or practices which are unlawful, unfair, or fraudulent[.]"[54] The

23   parties did not brief — and thus the court will not address — each of the UCL's "unlawful,"

24   "unfair," and "fraudulent" prongs. The court instead denies the motion because, as stated above,

25   Mr. Yu's FAL claim survives and may serve as a predicate for his UCL claim. *See Rush v. Nutrex*

26

27   _____

28   [54] Motion at 8–9.

1    *Research, Inc.*, No C 12-01060 LB, 2012 WL 2196144, at *8 (N.D. Cal. June 13, 2012). His UCL

2    claim therefore survives.

3

4    **3.   The court denies the motion to strike Mr. Yu's prayer for attorney's fees**

5        Under Rule 12(f), "[a] court may strike from a pleading an insufficient defense or any

6    redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to

7    strike is to avoid the expenditure of time and money that must arise from litigating spurious issues

8    by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970,

9    973 (9th Cir. 2010) (internal quotations omitted). Rule 12(f) "does not authorize a district court to

10   dismiss a claim for damages on the basis it is precluded as a matter of law." *Id.* at 976. Such

11   challenges are instead properly addressed under Rule 12(b)(6) or Rule 56. *See id.* at 974 ("[The

12   defendant's] 12(f) motion was really an attempt to have certain portions of [the plaintiff's]

13   complaint dismissed or to obtain summary judgment against [the plaintiff] as to those portions of

14   the suit — actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f)

15   motion."); *see also Finuliar v. BAC Home Loans Servicing, L.P.*, No. C-11-02629 JCS, 2011 WL

16   4405659, at *14 (N.D. Cal. Sept. 21, 2011) (denying the defendants' 12(f) motion to strike

17   attorney's fees under *Whittlestone*).

18       Here, the defendants move to strike Mr. Yu's prayer for attorney's fees under Rule 12(f)(2)

19   because he did not identify the legal basis for this request.[55] Because Rule 12(f) is not the

20   appropriate avenue for this relief, the court denies the motion without prejudice.

21

22                                    **CONCLUSION**

23       The court grants in part and denies in part the Design Learned defendants' motion to dismiss.

24   The court grants the motion to dismiss Mr. Yu's FDCPA claim with prejudice. The court denies

25   the motion to dismiss the contract claim (to the extent alleged against Design Learned), the

26   promissory estoppel claim, and the FAL and UCL claims, except to the extent alleged against Ms.

27

28   ――――――――――――――――
     [55] Motion at 2, 13; Reply at 5.

United States District Court
Northern District of California

Block. The claims asserted against Ms. Block in her individual capacity are dismissed without prejudice. Mr. Yu may amend the claims against her within 21 days of this order.

**IT IS SO ORDERED.**

Dated: June 29, 2016



_____
LAUREL BEELER
United States Magistrate Judge