UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RAYMOND YU,<br><br>   Plaintiff,<br><br>  v.<br><br>DESIGNED LEARNED, INC, et al.,<br><br>   Defendants. | Case No. 3:15-cv-5345-LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: ECF No. 64 |

## INTRODUCTION

Raymond Yu contracted with Design Learned for engineering and consulting services for construction of a dog day-care facility.[1] Mr. Yu sued Designed Learned, its employees, and Empire Credit and Collections for breach of the services agreement. He also sued Empire Credit after it — as Design Learned's assignee — tried to collect a related debt from him.[2] He asserted two claims against Empire Credit: one for declaratory judgment to determine what (if anything) he owes to the defendants under the services agreement, and another for violation of the Fair Debt Collection Practices Act ("FDCPA").[3] Empire Credit moves for judgment on the pleadings under

---

[1] First Amended Compl. ("FAC") — ECF No. 40. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated numbers at the top of the documents.

[2] *See generally id.*; Empire Credit Answer — ECF No. 42, ¶ 13.

[3] *See id.* ¶¶ 35–38, 50–59.

ORDER — No. 15-cv-5345-LB

1  Rule 12(c) on the ground that the court lacks subject-matter jurisdiction.[4] The court held a hearing
2  on the matter on December 1, 2016.[5] The court grants motion and dismisses Mr. Yu's FDCPA
3  claim without leave to amend. The court also declines to exercise supplemental jurisdiction over
4  Mr. Yu's declaratory-judgment claim in light of Empire Credit's representation that it does not
5  assert counterclaims against Mr. Yu and will not pursue collection of the disputed amount.

## STATEMENT

Mr. Yu contracted with Design Learned for engineering and consulting services related to the construction of a dog day-care facility.[6] Under the agreement, Design Learned was to (among other things) visit and review the potential construction site.[7] But, Mr. Yu alleges, Design Learned (and its employees) failed to perform the contract services and broke a representation that it "would not charge additional fees for modest and reasonable delays in the project schedule."[8] The Design Learned defendants' breach rendered the services and construction plans unusable, made previously expended sums useless, and increased the "cost to complete the construction project, if it is possible at all."[9] Mr. Yu therefore sued Design Learned and certain of its employees.[10]

Mr. Yu also sued Empire Credit, "a collection agency that received an assignment from Design Learned . . . to collect two overdue installment payments from [Mr.] Yu."[11] Mr. Yu asserts that he "has received a demand from [Design Learned] and [Empire Credit] for certain sums owed" under the Yu–Design Learned contract.[12] And both defendants indicated that they "intend[] to pursue

---

[4] Motion — ECF No. 64.
[5] Minute Entry — ECF No. 70.
[6] FAC ¶ 13, Ex. A.
[7] *Id.* ¶ 13.
[8] *Id.* ¶ 19.
[9] *Id.* ¶¶ 20–21.
[10] *See id.* ¶¶ 2, 4–7.
[11] *Id.* ¶ 3; Empire Credit Answer ¶ 13.
[12] FAC ¶ 36.

ORDER — No. 15-cv-5345-LB            2

litigation," but he denies owing them any amount.[13] Empire Credit also "initiated a telephone call to [Mr. Yu's] mobile telephone number" at a time when he "was located at an inconvenient place."[14] The amount Empire Credit tried to collect was two installments totaling $1,920.[15]

## GOVERNING LAW

### 1. Standard for Judgment on the Pleadings Under Rule 12(c)

After the pleadings are closed "but early enough not to delay trial," a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rules 12(c) analog" because the motions are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is proper if, taking all of [the plaintiff]'s allegations in its pleadings as true, [the defendant] is entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010).

A Rule 12(c) motion for judgment on the pleadings may also assert a lack of subject-matter jurisdiction. Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial § 316 (The Rutter Group 2016); *see also Leslie Salt Co. v. United States*, 789 F. Supp. 1030 (N.D. Cal. 1991). And if procedural defects — like a lack of subject-matter jurisdiction — "are asserted in a Rule 12(c) motion, the district court will apply the same standards . . . as it would have employed had the motion been brought prior to the defendant's

---

[13] *Id.* ¶¶ 36–37.

[14] *Id.* ¶¶ 55, 57.

[15] Empire Credit Answer ¶ 13— ECF No. 42.

1 answer under Rule[] 12(b)(1)." *Rutenschroer v. Starr Seigle Commc'ns, Inc.*, No. 05-00364
2 ACK/BMK, 2006 WL 1554043, at *3 (D. Haw. May 31, 2006) (citing 5C Wright & Miller, Fed.
3 Prac. & Proc. § 1367 (3d ed. 2004)).

### 2. Standard for Motion to Dismiss for Lack of Subject-Matter Jurisdiction

A complaint must contain a short and plain statement of the ground for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support). Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1) jurisdictional attack can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### 3. Leave to Amend

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

# ANALYSIS

## 1. Subject-Matter Jurisdiction

Empire Credit argues that the court lacks subject-matter jurisdiction over Mr. Yu's claims asserted against it.[16]

First, the court must determine whether it has subject-matter jurisdiction over Mr. Yu's claims. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008). This analysis is critically distinct from one addressing the merits of his claims. In particular, where jurisdiction is based on a federal question, courts must not infer that a federal statutory element is jurisdictional and not merits-based. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006). In fact, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983)) (internal quotations omitted). Such a dismissal may be warranted where the federal claim appears "immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)) (internal quotations omitted). But dismissal is inappropriate where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of the factual issues going to the merits of an action." *Id.* (quoting *Sun Valley*, 711 F.2d at 139) (internal quotations omitted).

Second, after determining whether there is subject-matter jurisdiction, the court will consider Empire Credit's merits-based attack on Mr. Yu's FDCPA claim — *i.e.*, that he fails to satisfy an element of that claim.[17]

---

[16] Motion for Judgment on the Pleadings at 5–10.

[17] *See id.* at 6–7.

**1.1  The Court Has Federal-Question Jurisdiction Over Mr. Yu's FDCPA Claim**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Mr. Yu asserts a claim against all defendants for violation of the federal FDCPA.[18] Empire Credit insists that this claim will not support federal-question jurisdiction because Mr. Yu fails to allege that the debt at issue was for personal, family, or household purposes, a necessary element of a successful claim.[19] But Empire Credit provides no authority for concluding that this element is jurisdictional and not merits-based, or that the claim is immaterial or asserted solely for the basis of attaining federal-court jurisdiction. The court therefore has federal question subject-matter jurisdiction over Mr. Yu's FDCPA claim.

**1.2  The Court Lacks Diversity Jurisdiction Over Mr. Yu's Declaratory Judgment Claim**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a); *see also* Fed. R. Civ. P. 57. Declaratory relief is a procedural device for granting an equitable remedy, "[i]t does not create any substantive rights or causes of action." Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial § 10:3–10:3.1 (The Rutter Group 2016) (citing *Harris Cnty. Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015)). The Act also does not confer jurisdiction; instead, the party seeking declaratory relief must separately establish subject-matter jurisdiction. *See* 28 U.S.C. § 2201(a); *Skelly Oil Co. v. Philips Petroleum Co.*, 339 U.S. 667, 671 (1950).

The court construes Mr. Yu's declaratory judgment "claim" against Empire Credit as derivative of his contract claim: he seeks a declaration "concerning the amount [of money], if any, owed to the[] defendants" under his contract with Design Learned.[20] As such, the underlying issue

---

[18] FAC ¶¶ 50–59.

[19] Motion for Judgment on the Pleadings at 6–7.

[20] FAC ¶¶ 35–38.

ORDER — No. 15-cv-5345-LB     6

(the determination of rights and obligations under the contract), is a state-law claim that must be supported by diversity or supplemental jurisdiction.

Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In declaratory-judgment cases, "the amount in controversy is the value of the object of the litigation." Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial § 10:22.1 (The Rutter Group 2016). When calculating the amount in controversy, courts generally "look[] to the amount in controversy with respect to each defendant." *Coast Plaza Doctors Hosp. v. Arkansas Blue Cross and Blue Shield*, No. CV 10-06927 DDP (JEMx), 2011 WL 3756052, at *2 (C.D. Cal. Aug. 25, 2011). "Claims against multiple defendants may only be aggregated to satisfy the amount in controversy requirement if the defendants are jointly and severally liable." *Id.* (citing *United States v. S. Pac. Transp. Co.*, 543 F.2d 676, 683 (9th Cir. 1976)). But a single plaintiff's claims against a single defendant may be aggregated, even if unrelated. *See Bank of Calif. Natl; Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

Here, the parties do not dispute the existence of complete diversity; only the amount in controversy is at issue. In the FAC, Mr. Yu alleges that he "has received a demand from [Design Learned] and [Empire Credit] for certain sums owed to these defendants" under the contract.[21] He does not specify the sums demanded. But Empire Credit does: in its answer, Empire Credit indicates that Design Learned assigned to it the right to collect two installments from Mr. Yu, totaling $1,949.74.[22] Empire Credit also submits the declaration of its President, Peter Roberto, confirming this amount.[23] This amount — $1,949.74 — is therefore the object of the declaratory judgment claim asserted against Empire Credit, and falls well below the statutory amount in controversy requirement. Mr. Yu does not provide contrary evidence, and aside from a vague

---

[21] *Id.* ¶ 36.

[22] Empire Credit Answer ¶ 13.

[23] Roberto Decl. — ECF No. 64-1, ¶ 3.

assertion that Empire Credit "may have assumed" some of Design Learned's liabilities (*i.e.* it may be liable for the remaining claims against Design Learned), he provides no basis for aggregation among the two defendants.

Additionally, although the court dismisses Mr. Yu's FDCPA claim below, damages for this claim must be considered in determining the amount in controversy asserted against Empire Credit. *See Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) ("Whether § 1332 supplies subject-matter jurisdiction must be ascertained at the outset; events after the suit begins do not affect the diversity jurisdiction."). But Mr. Yu, as the party invoking federal-court jurisdiction, does not show that damages for this claim, even when aggregated with the above $1,949.74, would exceed $75,000. Indeed, the sole allegation against Empire Credit is that, in collecting the contract debt, it "initiated a telephone call to [Mr. Yu's] mobile telephone" at a time when he "was located at an inconvenient place."[24] It is hard to believe that this conduct would bring the amount in controversy above $75,000; and, in any event, Mr. Yu provides no basis for concluding as such.

Because the amount in controversy falls below $75,000, the court lacks diversity jurisdiction over Mr. Yu's declaratory-judgment claim against Empire Credit.

**2. Mr. Yu Fails to State a Claim Under the FDCPA**

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (citation omitted). "To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o." *Makreas v. JP Morgan Chase Bank, N.A.*, No. 12-cv-02836-JST, 2013 WL 3014134, at *2 (N.D. Cal. June 17, 2013).

---

[24] FAC ¶¶ 55, 57.

ORDER — No. 15-cv-5345-LB                 8

1    Here, as the court found twice before, Mr. Yu fails to plausibly plead a claim for violation of
2 the FDCPA because he does not allege that the debt was for personal, family, or household
3 purposes. *See* 15 U.S.C. § 1692a(5). *See also Bloom v. I.C. Systems, Inc.*, 972 F.2d 1067, 1068
4 (9th Cir. 1992) (the FDCPA "applies to consumer debts and not business loans"). He alleges that
5 "a significant portion of [Design Learned's] engineering and consulting services were of a
6 personal nature, and involved the design and use of [his] home."[25] He also attaches the contract to
7 the complaint, which is for a "Proposed Dog Day Care Facility"[26] and itemizes services and costs
8 for "Animal Care Related Interior Design Assistance" and "Additional Animal Care Facility
9 Services."[27] As the court said before, the contract "says nothing that plausibly suggests the
10 services were for personal or household use" and Mr. Yu's "debt-characterization is both
11 conclusory and contradicted by the agreement [itself]."[28]

12   Mr. Yu nevertheless argues that it would be unfair to dismiss the claim against Empire Credit
13 because, if it had joined Design Learned's motions to dismiss, he "would have amended the
14 complaint to include additional factual allegations regarding the 'personal, family, or household
15 purposes' element of the FDCPA."[29] In support, he argues that "a significant portion of the alleged
16 debt arose out of the design of [his] home office area" and points to a Record of Discussion
17 prepared by Design Learned.[30] The Record consists of three pages of detailed topics discussed
18 during a conference call between Mr. Yu and Design Learned.[31] Each of the fifteen major topics
19 discussed (and the subtopics) relate to Mr. Yu's dog day-care facility.[32] One topic relates to office
20 space, and says: "There will be no office space in the building. [Mr. Yu] will have office space at

---

[25] FAC ¶ 51.
[26] FAC, Ex. A at 14.
[27] *Id.* at 18.
[28] Order — ECF No. 47 at 8–9.
[29] Opposition — ECF No. 65 at 2.
[30] *Id.*; Record of Discussion — ECF No. 65 at 7–9.
[31] *See* Record of Discussion.
[32] *Id.*

ORDER — No. 15-cv-5345-LB          9

1   home if needed. Any office work that will take place on premises will be in the reception area."[33]

2   The court does not read this language to support Mr. Yu's contention that debt was incurred for

3   the construction of a home office; it says nothing about Design Learned's involvement in

4   designing or constructing a home office. Because the debt was not for personal, family, or

5   household purposes, the court dismisses the FDCPA claim against Empire Credit.

6   The court also denies Mr. Yu's request for leave to amend.[34] Mr. Yu urges that the FDCPA

7   claim "is primarily directed at [Empire Credit]" and it would be unfair to dismiss the claim when

8   Empire Credit chose not to join Design Learned's previous motions.[35] But, this element (which the

9   court analyzed in its past orders dismissing the claim against Design Learned) is not party specific.

10  The issue lies in the nature of the debt, not the identity of the parties to the motion. The court

11  therefore cannot see how Empire Credit's failure to join the previous motions would unfairly

12  prejudice Mr. Yu. And when the court granted Mr. Yu — a licensed attorney — leave to amend

13  his original complaint, he added nothing more than vague, conclusory allegations.[36] Amendment

14  would therefore be futile and the court denies leave to amend.

### 3. Supplemental Jurisdiction

For the reasons stated on the record, and with the parties' agreement, the court declines to exercise supplemental jurisdiction over the declaratory judgment claim. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *Paulick v. Starwood Hotels & Resorts Worldwide, Inc.*, No. C-10-01919 JCS, 2012 WL 2990760, at *16 (N.D. Cal. July 20, 2012). Empire Credit has not asserted counterclaims for the two payments that the parties' dispute: two overdue installment payments for $979.02 and $970.02 for a total of $1,949.74 that Empire tried to collect on or about November 13, 2015.[37] It represented at the hearing that it

---

[33] *Id.* at 8.

[34] *See* Opposition at 2–3.

[35] *Id.* at 2.

[36] Order — ECF No. 47 at 9.

[37] Empire Credit Answer ¶ 13.

ORDER — No. 15-cv-5345-LB            10

would not try to collect the disputed amounts. Mr. Yu agreed that under the circumstances, it was not necessary for the court to exercise supplemental jurisdiction.

## CONCLUSION

The court grants Empire Credit's motion for judgment on the pleadings. The court dismisses Mr. Yu's FDCPA claim and declines to exercise supplemental jurisdiction over the remaining claim for declaratory judgment.

**IT IS SO ORDERED.**

Dated: December 2, 2016



LAUREL BEELER
United States Magistrate Judge